IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER BRIAN PATRICK,**

    **Plaintiff,**

    vs.

**Case No. 2:19-cv-4685**
**Judge Michael H. Watson**
**Chief Magistrate Judge Elizabeth P. Deavers**

**C R BARD INCORPORATED,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with the Order to Show Cause dated September 8, 2020. (ECF No. 46.) For the following reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff initiated this lawsuit in the United States District Court for the District of Arizona on December 1, 2018. (ECF No. 1.) On October 23, 2019, the case was transferred to this Court. (ECF No. 4.) When the case was transferred, Plaintiff was represented by Attorneys John A. Dalimonte and Paul Lincoln Stoller. (*Id.*) On December 11, 2019, Attorney Louis Carl Schneider filed a Notice of Appearance on Plaintiff's behalf, Attorney Gregory D. Rueb filed a Motion for Admission of Counsel *Pro Hac Vice* on Plaintiff's behalf, and Attorneys Dalimonte and Stoller filed Motions to Withdraw as Counsel. (ECF Nos. 15-18.) This Court granted the

Motions to Withdraw on December 12, 2019, and granted Attorney Rueb's Motion for Admission of Counsel *Pro Hac Vice* on December 27, 2019.  (ECF Nos. 20-21, 23.)

On February 5, 2020, the parties filed a Joint Motion to Stay Proceedings for 60 Days, requesting a stay because "Plaintiff [was] in the process of seeking alternative legal counsel near his hometown in Englewood, Ohio" and "Plaintiff anticipates that it will take approximately 60 days for Plaintiff to seek new counsel."  (ECF No. 28.)  On February 6, 2020, this Court granted the Motion, staying the proceedings "for 60 days to allow Plaintiff to seek new legal counsel."  (ECF No. 29.)  On April 15, 2020, the parties filed a Joint Written Status Report, stating: (1) "Plaintiff [had] not procured new counsel"; (2) Attorney Rueb would file a Motion to Withdraw "as he cannot effectively represent Plaintiff moving forward"; and (3) "Plaintiff remain[ed] unresponsive to counsel's attempts to contact him regarding the issues enumerated in this status report."  (ECF No. 31.)  The parties concurrently filed another Joint Motion to Stay Proceedings for 60 Days.  (ECF No. 32.)  On April 16, 2020, this Court granted the additional stay and ordered Attorney Rueb to file a Motion to Withdraw.  (ECF No. 33.)

On June 16, 2020, the parties filed another Joint Written Status Report, stating: (1) "[d]espite Plaintiff's counsel's multiple communications attempts to contact Plaintiff, as of this date, Plaintiff has not procured new counsel to represent him in this matter" and (2) Plaintiff's counsel would be filing a Motion to Withdraw as Counsel.  (ECF No. 34.)  The parties also filed a third Joint Motion to Stay Proceedings for 60 Days.  (ECF No. 35.)   On June 23, 2020, this Court granted the third stay of proceedings and again instructed Attorney Rueb to file a Motion to Withdraw.  (ECF No. 37.)

On July 20, 2020, Attorneys Rueb and Schneider filed a Motion to Withdraw as Counsel for Plaintiff.  (ECF No. 38.)  On July 21, 2020, the Court issued an Order instructing Plaintiff

that if he intended to oppose the Motion to Withdraw, then he must file a written response to the Motion within twenty-one days.  (ECF No. 39.)  This Court warned Mr. Patrick that a failure to respond could result in the Court granting the Motion.  (*Id*.)

On August 14, 2020, the parties filed another Joint Status Report, in which Defendants stated they "are ready to move forward and are willing to confer with Plaintiff or his new counsel, to prepare a Rule 26(f) Joint Report and proposed scheduling order, and to file it with the Court, but Defendants do not know whether Plaintiff intends to proceed *pro se* in this matter, or if Plaintiff intends to retain new counsel." (ECF No. 43.)  On August 17, 2020, this Court granted the Motion to Withdraw (ECF No. 38), set a telephonic status conference for September 8, 2020, and cautioned Plaintiff that "failure to attend the conference either personally or through an attorney could result in a recommendation that this case be dismissed for want of prosecution."  (ECF No. 44.)

On September 8, 2020, this Court held a telephonic status conference as scheduled. Counsel for Defendants appeared and were prepared to participate in the conference, but Plaintiff failed to appear for the conference.  Plaintiff did not contact the Court at the time designated for the conference and made no attempt to communicate to the Court that he or any attorney on his behalf was unavailable.  As a result, this Court directed Plaintiff to show cause by September 23, 2020, why the Court should not dismiss this case for failure to prosecute.  (ECF No. 46.)  This Court specifically advised Plaintiff that "failure to respond to this Show Cause Order will result in the recommendation that this case be dismissed with prejudice for failure to prosecute." (*Id.*) The Clerk has verified that Plaintiff received this Court's August 17, 2020 Order (ECF No. 44) and this Court's September 8, 2020 Order (ECF No. 46) via certified mail.  (ECF Nos. 45, 47.)

To date, Plaintiff has not filed a response to this Court's Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's entire action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed.R.Civ.P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Generally, "[c]ourts must apply 'less stringent standards' to *pro se* litigants."  *Tower v. RoseDog Books*, No. 2:15-CV-2405, 2019 WL 917174, at *3 (S.D. Ohio Feb. 25, 2019) (citing

4

*Estell v. Gambel*, 429 U.S. 97, 106 (1976)).  But "the lenient treatment generally accorded to *pro se* litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  On certain matters, "there is no basis for treating [a *pro se* litigant] more generously than a represented litigant," including "an easily understood court-imposed deadline."  *Pilgrim*, 92 F.3d at 416.

### III.

Here, the record demonstrates clear delay and contumacious conduct.  On February 5, 2020, this Court was advised that "Plaintiff [was] in the process of seeking alternative legal counsel."  (ECF No. 28.)  Since then, this Court has repeatedly granted Plaintiff's requests to stay the case, giving Plaintiff over seven months to procure new counsel.  (ECF Nos. 29, 33, 37.)  Most recently, Plaintiff failed to appear at this Court's telephonic status conference, despite this Court's warning that "failure to attend the conference either personally or through an attorney could result in a recommendation that this case be dismissed for want of prosecution."  (ECF No. 44.)  Finally, this Court provided Plaintiff with an opportunity to show cause why this case should not be dismissed for want of prosecution.  (ECF No. 46.)  The Order provided adequate notice of this Court's intention to recommend dismissal for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply.  Plaintiff failed to file a response.  Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety **WITHOUT PREJUDICE** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 28, 2020           /s/ *Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **CHIEF UNITED STATES MAGISTRATE JUDGE**